United States District Court
Southern District of Texas

**ENTERED**
July 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SALVADOR RIVAS AND ALMA SANTIAGO, §<br>  *Plaintiffs*, §<br> §<br>v. §<br> §<br>U.S. BANK, N.A., AS TRUSTEE FOR MASTR §<br>ASSET BACKED SECURITIES TRUST 2007-HE2 §<br>AND OCWEN LOAN SERVICING, LLC, §<br>  *Defendants*. § | CIVIL ACTION NO. 4:19-CV-2021 |

## MEMORANDUM AND RECOMMENDATION

This matter is before the court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. 6. Plaintiffs did not file a timely response. Pursuant to Local Rules of the Southern District of Texas 7.3 and 7.4, the court may deem the motion unopposed. The court recommends that Defendants' Rule 12(b)(6) motion be granted, and this case be dismissed with prejudice.

### I.   BACKGROUND

Plaintiffs defaulted on their mortgage on real property located at 206 Viceroy Drive, Houston, Texas 77034 and Defendants, the mortgagee and mortgage servicer, took steps to foreclose on the property. This is the fourth suit filed by Plaintiffs Salvador Rivas and Alma Santiago since 2011 attempting to stop foreclosure proceedings. The three prior suits have been dismissed with prejudice.[2] On February 27, 2019, United States District Judge Kenneth Hoyt

---

[1] The District Court has referred this matter to this Magistrate Judge for report and recommendation. Dkt. 9.
[2] *See* Dkt. 6-2 (September 19, 2013 Order Granting Defendant's Motion to Dismiss with Prejudice in Cause No. 2011-50763, in the 333rd District Court for Harris County, Texas); Dkt. 6-4 (December 8, 2015 Final Judgment of Dismissal in Civil Action No. H-14-3246); Dkt. 8-1 (February 27, 2019 Order of Dismissal in Civil Action No. 4:18-CV-1037).

dismissed Plaintiffs' claims in Civil Action No. 4:18-CV-1037 on res judicata grounds. The dismissal order included the following warning:

> Further, the plaintiffs are hereby admonished and directed to retrain from filing further lawsuits regarding this matter, as further litigation would be frivolous and **MAY RESULT IN SANCTIONS BEING IMPOSED.**

*Rivas v. U.S. Bank*, Civil Action No. 4:18-cv-1037, slip op. Feb. 27, 2019 at 5 (emphasis in original).

Plaintiffs filed the instant case in the 133rd Judicial District for Harris County, Texas on May 28, 2019 asserting essentially the same claims they asserted in Civil Action No. 18-1037. Defendants removed the case to this federal court on June 5, 2019, and again move to dismiss based on res judicata and failure to state a claim.

## II.     ANALYSIS

### A.   Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79. Generally, the court may consider only the allegations in the complaint and any attachments thereto

in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir.2007).

### B. Res Judicata Standards

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings." *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014) (citations omitted).

Under federal and Texas law, res judicata applies if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters*, 428 F.3d at 571; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). A "transactional test" is used to determine whether a subsequent action involves the same claim or cause of action. Under this test, "[a] prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters*, 428 F.3d at 571; *see also Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

### C. Plaintiffs' Claims are Barred by Res Judicata

There is no doubt that all four elements of res judicata are present here. This case is precluded by the prior final order in Civil Action 18-1037 (as well as final orders in the other two prior cases).

#### 1. Parties are identical or in privity.

Plaintiffs and Defendants in this case were also the Plaintiffs and Defendants in Civil Action 18-1037.

#### 2. Prior rulings were made by courts of competent jurisdiction.

The United States District Court for the Southern District of Texas, Houston Division, is a court of competent jurisdiction with jurisdiction to issue the final ruling in Civil Action No. 18-1037.

#### 3. Prior rulings were final orders on the merits.

The Order of Dismissal in Civil Action No. 18-1037 constitutes a final order on the merits. Dkt. 8-1. *See Schwarz v. Folloder*, 767 F.2d 125, 129-30 (5th Cir. 1985) (dismissal with prejudice is adjudication on the merits).

#### 4. This case involves the same claim or cause of action as prior cases.

Both Texas and federal law employ a transactional test to determine whether a subsequent lawsuit is precluded by res judicata. When applying the transactional test, the court weighs various factors such as "whether the facts are related in time, space, origin, or motivation [;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009). However, the critical test is whether the two actions are based on the

4

"same nucleus of operative facts." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004); *see also Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234 (Tex. App. 2014).

This case not only arises out of the same nucleus of operative facts as Civil Action No. 18-1037, which also involved Defendants attempted foreclosure on the property at 206 Viceroy Drive, Houston, Texas 77034, but asserts the exact same claim, *i.e.*, that the statute of limitations on Defendants' right to pursue foreclosure expired on May 26, 2015.

### III. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the court recommends that Defendants' Rule 12(b)(6) motion to dismiss be **GRANTED** and this case be **DISMISSED** with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 29, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge